### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUTOMOTIVE MARKETING CONSULTANTS, INC.,
a Michigan corporation,

       Plaintiff,

vs.

MICHAEL CALMESE,
an individual,

       Defendant.

---

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, by and through its attorneys, Gifford, Krass, Sprinkle, Anderson & Citkowski, P.C., and says as follows:

### Jurisdiction and Venue

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 and the trademark laws of the United States, Title 15 U.S.C. §1114 et seq.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1338.  Venue in this district is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

2.      This Court has jurisdiction further under 28 U.S.C. §1332 on the grounds that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

3.      The Plaintiff Automotive Marketing Consultants, Inc. ("AMCI") has a reasonable apprehension that it will be sued by the Defendant Michael Calmese ("Calmese").  Therefore, an

actual and justiciable controversy exists between AMCI and Calmese with respect to the actions set forth in this Complaint.

      4.      Plaintiff AMCI is a corporation of Michigan having a place of business at 2600 South Telegraph Road, #201, Bloomfield Hills, Michigan 48302.

      5.      The Defendant Michael Calmese is, upon information and belief, an individual residing at 3046 North 32nd Street, Unit 321, Phoenix, Arizona 85018.

      6.      Defendant Michael Calmese is the owner of U.S. Trademark Registration No. 2,202,454 (the "Trademark Registration") for the mark "Prove It!" for clothing.

**Count I**

**<u>Declaratory Judgment of Non Breach of Contract</u>**

      7.      Plaintiff AMCI realleges paragraphs 1-6 as if fully set forth herein.

      8.      In about May 2010 AMCI and Calmese entered into an agreement which provides in part that Calmese would not sue AMCI or its clients for infringement of the Trademark Registration through the year 2011. That contract contains a confidentiality provision so that it is not attached to the Complaint at this time. It will be submitted under seal upon entry of the appropriate protective order or by other order of this Court.

      9.      As a part of the agreement, Calmese dismissed with prejudice a lawsuit brought in the District of Arizona for trademark infringement of the Trademark Registration.

      10.      Subsequent to the agreement, AMCI filed a cancellation proceeding in the United States Patent and Trademark Office.

      11.      Nothing in the Agreement prohibited AMCI from filing such a cancellation proceeding.

12.     Despite the foregoing, Calmese has repeatedly threatened to bring suit against AMCI and its customer (who is not even a part of the agreement) for breach of contract.

13.     The repeated threats of litigation from the Defendant Michael Calmese have interfered with the business relationship between AMCI and its client thereby creating substantial damage for AMCI.

### Count II

### Declaratory Judgment of Non Infringement of the Trademark Registration

14.     Plaintiff AMCI realleges paragraphs 1-13 as if fully set forth herein.

15.     Under the agreement between AMCI and Calmese, Calmese coveted not to sue AMCI for trademark infringement of the Trademark Registration through the year 2012. Such a covenant not to sue is equivalent to a license agreement.

16.     The Defendant Calmese's lawsuit for trademark infringement by AMCI and its client, Toyota USA, Inc., was dismissed with prejudice on June 21, 2010, by motion filed by the Defendant Calmese. A copy of that order of dismissal with prejudice is attached hereto as Exhibit A.

17.     Despite the Agreement not to sue for trademark infringement and the dismissal with prejudice of the prior suit brought by Calmese for trademark infringement, the Defendant Calmese has repeatedly threatened AMCI to sue for "common law" trademark infringement of the mark "Prove It!".

18.     The aforesaid actions have interfered with the business relationship between AMCI and its client and has damaged AMCI.

3

## Count III

### <u>Declaratory Judgment of Non Negligence</u>

19.     Plaintiff AMCI realleges paragraphs 1-18 as if fully set forth herein.

20.     The Defendant Calmese has repeatedly threatened to sue AMCI for "negligence".

21.     The actual factual basis or logic for alleging a negligent cause of action against AMCI has never been understood by AMCI.

22.     AMCI has not acted in any way that would constitute "negligence" towards Calmese.

## Count IV

### <u>Cancellation of U.S. Trademark Registration No. 2,202,454</u>

23.     Plaintiff AMCI realleges paragraphs 1-22 as if fully set forth herein.

24.     The agreement between Calmese and AMCI which, in part, constituted a covenant not to sue AMCI for use of the "Prove It!" trademark constituted a trademark license.

25.     The agreement between Calmese and AMCI did not contain any provisions, whatsoever, for quality control by Calmese regarding use of the "Prove It!" trademark. As such, the license was a "naked license".

26.     The grant of a naked license by a trademark owner constitutes a public dedication of the trademark rights to the public.

27.     Upon information and belief, the Defendant Calmese has granted other naked licenses or covenants not to sue involving U.S. Trademark Registration No. 2,202,454 for "Prove It!".

4

28.    The grant of such naked licenses constitutes an abandonment of the trademark rights and dedication of the trademark rights to the public.   As such, cancellation of U.S. Trademark Registration No. 2,202,454 by this Court is proper.

WHEREFORE, the Plaintiff AMCI prays as follows:

A.    A declaration and order by this Court that AMCI did not breach the May 2010 agreement between AMCI and the Defendant Calmese;

B.    A declaration and order by this Court that AMCI has not committed trademark infringement, including "common law" trademark infringement of the "Prove It!" mark;

C.    A declaration and order by this Court that the Plaintiff has not committed "negligence" that has affected Calmese;

D.    An order from this Court canceling U.S. Trademark Registration No. 2,202,454;

E.    An award of costs and attorney fees to the Plaintiff AMCI; and

F.    All other relief that this Court shall deem just and equitable.

Respectfully submitted,

 /s/Douglas W. Sprinkle
Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
2701 Troy Center Drive, Ste. 330
P.O. Box 7021
Troy, MI 48007
(248) 647-6000
(248) 647-5210 (Fax)
litigation@patlaw.com

Attorney for Plaintiff

Dated:  October 15, 2010

# EXHIBIT A

## MINUTES OF THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

*MICHAEL D. CALMESE*          v.    *TOYOTA USA, INC., et al.*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 2:10-cv-00857 (JWS)

PROCEEDINGS:    **ORDER FROM CHAMBERS**          Date: June 21, 2010

Plaintiff's motion to dismiss at docket 4 is **GRANTED** as follows: This case is dismissed with prejudice.